**Christopher STEPHENS, Plaintiff**

v.

**Michael ASTRUE Commissioner of Social Security, Defendant.**

**No. 4:06–CV–153–BO.**

United States District Court,
E.D. North Carolina,
Eastern Division.

Feb. 7, 2008.

James B. Gillespie, Jr., Jonathan P. Miller, The Law Offices of James B. Gillespie, Jr., PLLC, Wilmington, NC, for Plaintiff.

Mary Ellen Russell, Social Security Administration, Baltimore, MD, for Defendant.

## ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on parties' Cross–Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on November 2, 2007, and the matter is now ripe for ruling. For the reasons discussed below, Plaintiff's motion is GRANTED; Defendant's motion is DENIED; and this matter is REVERSED.

## BACKGROUND

On September 26, 2003, Plaintiff applied for a period of disability and disability insurance benefits alleging that he became disabled on April 27, 2002, due to a ruptured disc, surgery, and an "auto accident which complicated the surgery." Transcript at 113. After Plaintiff's claims were denied both initially and upon review, a hearing was held before an Administrative Law Judge ("ALJ") on April 12, 2005. The ALJ concluded that Plaintiff was not disabled under the law. The Appeals

Council denied Plaintiff's request for review, and Plaintiff filed the instant action.

## ANALYSIS

 The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the ALJ are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must not substitute its judgment for that of the Commissioner's if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impact, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant time period. The ALJ found that Plaintiff's impairments were severe at step two, but did not meet or equal a listing at step three. At step four, the ALJ found that Plaintiff could not perform his past relevant work as a manager and nursery owner, but determined at step five that Plaintiff is able to perform jobs that exist in the national economy.

 Plaintiff argues that the ALJ erred by failing to give proper weight to the testimony of Plaintiff's treating physicians. A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996). The ALJ states that she failed to give controlling weight to the opinions of Dr. Thigpen and Dr. Wilfong because they opine about Plaintiff's ability to maintain gainful employment and whether Plaintiff is disabled under A.M.A. standards. Transcript at 17. The ALJ correctly notes that whether a claimant is disabled is an issue that is reserved to the Commissioner. However, the ALJ erred by failing to consider the remaining portions of Dr. Thigpen's and Dr. Wilfong's opinions. Under Social Security regulations, medical opinions are "statements from physicians ... that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [his or her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

Dr. Thigpen, Plaintiff's family physician, addresses Plaintiff's diagnosis and symptoms by stating "[t]he patient is post lumbar, post laminectomy, lumbar sacral radiculopathy, discogenic pain.... The patient has continued to be symptomatic, but none

of the interventions that have been done have provided any significant relief." Transcript at 249. Dr. Thigpen goes on to discuss Plaintiff's prognosis by stating "[r]ight now his prognosis for ever getting back into a 40 work week or 24/7 gainful employment level is pretty much unlikely.... The only options I think at this point-in-time is (sic) ... managing his pain so that he can be a little more functional and end up with less end stage morbidity as this thing continues to progress." *Id.*

Dr. Wilfong, Plaintiff's neurosurgeon, states that Plaintiff has "MRI documented spinal stenosis which is well known to produce both severe back pain but also severe leg pain," which constitutes a judgment about the nature and severity of Plaintiff's condition. Transcript at 234. Dr. Wilfong goes on to state that in his opinion Plaintiff has a "total lumbar spine disability." *Id.*

The mere fact that Dr. Thigpen discusses Plaintiff's ability to work and Dr. Wilfong uses the term "disability" in his opinion, should not, in the opinion of this court, discredit the treating physicians' opinions in their entirety. As medical professionals, physicians should be entitled to express an opinion about the extent of a patient's symptoms and the effects of those symptoms on the patient's quality of life. Clearly, the ALJ is not bound by a medical professional's opinion that a claimant is "disabled" or that a claimant will be unable to work. However, those statements, when considered in light of the totality of the medical opinion and the evidence in the record, should serve to support the physician's opinion as to the severity of the claimant's pain or dysfunction, not to disqualify the statement as a medical opinion.

The ALJ also notes that she discredits Plaintiff's testimony regarding pain because there is evidence in the record that Plaintiff is not in incapacitating pain. Transcript at 17. However, upon review, there is ample evidence in the record, both subjective and objective, to support Plaintiff's testimony regarding pain. The opinions of Plaintiff's treating physicians provide substantial, credible evidence that Plaintiff is in fact suffering from a spinal impairment known to cause pain. Plaintiff has testified that he experiences pain all of the time, that pain is brought on by any and all activities, that he must sit or lie down in a recliner for at least half of the day, and that, at the time of the hearing, he was taking eight prescription drugs for pain management, including Morphine Sulfate and Hydrocodone. Transcript at 122, 42, 245. When viewed in its entirety, the objective medical evidence and the subjective testimony of Plaintiff provide substantial evidence that Plaintiff is in debilitating pain. *See Hines v. Barnhart,* 453 F.3d 559, 564–565 (4th Cir.2006) (providing that once a medical impairment that is known to cause pain is shown by objective evidence, the claimant may rely on subjective evidence of pain to support a finding of disability (citing S.S.R. 90–1p, *superceded by* S.S.R. 96–7p)).

■ After determining that Plaintiff can no longer perform his past relevant work, the burden shifts to the Commissioner to show that there are a significant number of jobs in the national economy which the claimant can perform. The ALJ found that Plaintiff can perform light work with additional exertional and/or non-exertional limitations, which requires that a vocational expert (VE) testify as to the number of jobs available in the national economy. Transcript at 18. The VE testified that there are several types of jobs that are available in significant numbers in the national economy that someone limited to light work with Plaintiff's additional limitations can perform. Transcript at 51–52. However, when asked to consider whether jobs would be available to someone with

Plaintiff's limitations who is also suffering the effects of pain medication, the VE testified that no jobs would exist in the national economy. The VE stated that if an employee is unable to concentrate or focus, due to the side effects of pain medication or for some other reason such as pain or lack of sleep, that this would eliminate "all positions at all exertion or skill levels." Transcript at 62.

■ As discussed above, this court has determined that Plaintiff's testimony regarding pain is supported by objective medical evidence and the testimony of two treating physicians and produces substantial evidence in the record of disability. There is also evidence in the record to show that Plaintiff's medications make him feel drowsy, unable to drive, and nauseated. Transcript at 35. When considered with the testimony that Plaintiff spends much of his day reclining or lying down, there is not substantial evidence in the record to support a finding that Plaintiff can work on a regular basis, meaning for eight hours a day, five days a week. S.S.R. 96–8p. *See also Hines,* 453 F.3d at 562, 566–567.

Accordingly, for the reasons discussed above, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and this matter is REVERSED.